(February 20, 1969)

█ In the Matter of MOHAWK NATIONAL BANK OF SCHENECTADY, NEW YORK, Respondent, v. CITY OF SCHENECTADY, Appellant.— REYNOLDS, J. Appeal from an order of the Supreme Court, Schenectady County, denying appellant's motion to dismiss respondent's petition seeking the review of an assessment made by the assessors of the City of Schenectady for the widening and improving of South Ferry Street in that city. At a hearing held on June 10, 1964 the respondent and others took exception to the cost assessed them as beneficiaries of the improvement to South Ferry Street. Decision on the objections raised was reserved and it was not until April 22, 1965 that the City Assessor confirmed the assessment. No notice either personally or by mail was given to the objectants, but public notice by publication was given during each of four successive weeks, beginning August 3, 1965 and ending August 24, 1965. The respondent's action to review the assessment was commenced on September 10, 1965. Appellant urges that the respondent's action is not timely in that it was not brought within 20 days after the confirmation of the assessment as required by section 165 of the Second Class Cities Law. We cannot agree. Special Term correctly held that the 20-day period did not begin to run until notice of confirmation was given. Any other construction would permit the city to confirm the assessment, wait for a period longer than 20 days before giving any notice thereof, and thereby frustrate all appeal rights. Publication was not completed until August 24, 1965 and respondent's action was clearly brought within 20 days of this last publication and was, therefore, timely. Appellant's contention that the 20-day period should run from the first publication is patently spurious. The City Charter of the City of Schenectady requires four publications on successive weeks, presumably, to provide ample notice so that all those interested will be apprised of the determination. The statute clearly assumes that some people will not see the notice until the fourth publication and yet appellant's construction would render the fourth publication a wasted effort since the time to start a proceeding for review would already have expired. Logic unquestionably dictates that the period not commence until the final publication so that all affected individuals have a full 20 days to bring a petition for review. *Matter of Ridgeway Country Club* v. *Marbach* (19 Misc 2d 714) cited by appellant is inapposite here because in that case only one publication was required and thus the date of such publication was the only date from which to measure the review period. In view of our determination that, under the statutes involved the petition was timely brought, we do not pass on the issue of whether service by publication, as opposed to personal notice, is sufficient under the circumstances of this case. Order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Reynolds, J.